MCCURRY v. STATE OF INDIANA.

[No. 30,685. Filed November 30, 1967.]

*Bloom and Bloom,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Wilma Turner Leach,* Deputy Attorney General, *Donald R. Ewers,* Assistant Attorney General, for appellee.

LEWIS, J.—The appellant was convicted in the Allen Circuit Court of a violation of the Uniform Narcotic Drug Act (possession of marihuana). The trial was had without a jury and appellant was sentenced to a term of not less than two (2) years nor more than ten (10) years imprisonment.

The charge was brought pursuant to Burns' Indiana Statutes, Anno., § 10-3520, (1956 Repl.), [1967 Pocket Suppl.]. The evidence necessary for the appellee to sustain this conviction was obtained by law enforcement officers of the City of Fort Wayne, Allen County, Indiana, while serving a search warrant issued out of the City Court of Fort Wayne, Indiana. The affidavit filed with the City Court reads as follows:

> "Undersigned Affiant swears upon oath that he believes and has good cause to believe that narcotic drugs, including Cannabis Sativa L., and any compound derivative, mixture or preparation thereof are concealed in or about the following described premises; the residence of Eddie Jones alias Steve Jackson, located at 2228 Reed Street, Fort Wayne, Indiana, comprising of a 1½ story wood framehouse situated in the County of Allen, State of Indiana.
>
> "That Affiant bases his belief and cause for belief on the fact that reliable information received from an individual

who had received such narcotics at the above stated address."

Appellant contends that the affidavit for search warrant is fatally defective in that the probable cause for the affiant's belief is based wholly on hearsay and that in other matters the affidavit is inadequate. In support of her position, appellant cites *Rohlfing* v. *State* (1949), 227 Ind. 619, 88 N. E. 2d 148. In that case a named individual informed the affiant that said named individual purchased a rifle from the appellant and that the police had identified it as stolen goods; in addition, there were other stolen guns in the home of the appellant. *This Court ruled that this affidavit was based on affiant's conclusion (not facts), and formed an insufficient basis for probable cause.*

". . . The judicial determination of probable cause as required herein must be based on facts and not on hearsay. *Wallace* v. *State*, supra, at page 329 of 199 Ind.; *Bucari* v. *Fili* (1940), 31 F. Supp. 433; *Worthington* v. *United States* (1948), 166 F. 2d 557, 564. . . ."

(The Court referred to *Wallace* v. *State* (1947), 199 Ind. 317, 157 N. E. 657.)

*The doctrines with reference to hearsay as set out in Rohlfing* v. *State, supra, still remains the law in Indiana.* A number of United States Supreme Court cases have been quoted in the briefs and in the argument. *We grant that the doctrine that hearsay will not support the issuance of a search warrant (as stated in Rohlfing* v. *State,* supra) *is not the rule as announced by the United States Supreme Court.* *Jones* v. *United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725. In *Jones* v. *United States, supra,* a search warrant was issued to police officers in order that they might search appellant's home for narcotic drugs. The warrant was issued on the basis of a police officer's affidavit wherein he stated that an unnamed informant related to him that said informant had gone to the appellant's home and purchased narcotics on several occasions; that said informant was

reliable, and had given correct information on other occasions to the police; and that the appellant was a known addict.

In vacating the conviction the Court stated that a search warrant may be issued on hearsay evidence, indeed; it may be issued upon information supplied by an unnamed informant; but, also stated that there are certain limitations imposed upon this rule. The Court said that the Judge granting the warrant must find a substantial basis for him to conclude that narcotics were on the premises to be searched; if an unnamed informant and hearsay was used, there must also be a substantial basis for crediting the hearsay.

In *Aguilar* v. *Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, the following statement was made:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R. 2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identify need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825, was "credible" or his information "reliable." Otherwise, "the inferences from the facts which lead to the complaint" will be drawn not "by a neutral and detached magistrate," as the Constitution requires, but instead, by a police officer "engaged in the often competitive enterprise of ferreting out crime," Giordenello v. United States, supra, 357 U.S. at 486, 2 L. Ed. 2d at 1509; Johnson v. United States, supra, 333 U.S. at 14, 92 L. Ed. at 440, or, as in this case, by an unidentified informant." (The Court referred to *Giordenello* v. *United States,* 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245, and *Johnson* v. *United States,* 333 U.S. 10, 14, 92 L. Ed. 436, 440 68 S. Ct. 367.)

The affidavit filed for the issuance of the search warrant in the case at bar falls far short of meeting the standards of

*Rohlfing* v. *State, supra,* since it is wholly hearsay. It also falls far short under the more liberal rule announced by the United States Supreme Court which does permit hearsay but insists that the hearsay must be supported by adequate allegations of the credibility of the informant and the likelihood that contraband remains on the premises to be searched.

*The affidavit for a search warrant in the case at bar cannot be sustained since the evidence seized as a result of the search warrant was, therefore, obtained illegally.*

We conclude that the Trial Court should have sustained the motion to suppress the evidence. Error was committed on the Court's ruling on the motion to suppress evidence. The Court erred in not sustaining appellant's motion for new trial.

Reversed for further proceedings not inconsistent with this opinion.

Jackson, C. J., and Arterburn, Hunter and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 227.