MELVIN E. MADDEN, JR. *v.* STATE OF INDIANA.

[No. 773S133. Filed June 3, 1975.]

*O. Jack Clarkson,* of Rushville, *Don Hubert Wickens,* of Greensburg, *James K. Gaynor,* of counsel, of Greensburg, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of murder in the second degree and sentenced to imprisonment for a term of not less than fifteen years nor more than twenty-five years. The conviction rests upon the validity of a search warrant which was predicated upon a purported showing of probable cause by an affidavit based upon hearsay information, rather than upon facts within the knowledge of the affiant. The State has acknowledged in oral argument that the evidence requisite to a valid conviction of the defendant stems from the search made upon the authority of the warrant in question, in that such evidence was obtained, either in that search or in subsequent searches that would not have been made but for evidence obtained in that search. We, therefore, are not faced with a situation where the evidence, although erroneously admitted, was cumulative only and possibly harmless.

Although probable cause is preferably to be shown by facts within the personal knowledge of the affiant, under our statute a warrant may, nevertheless, be based upon credible hearsay. In such cases, however, the requirements of the statute must be strictly adhered to. We have determined that in this case there was not such an adherence and that as a consequence, the finding of probable

cause could only have been based upon the acceptance, by the issuing authority, of the conclusions drawn by the affiant from the information supplied to him by others, rather than upon the conclusions of the issuing authority drawn by him from such information but, nevertheless, independently of the conclusions of the affiant. These conclusions related both to the credibility of the affiant's informants and to the correctness of matters related to him and to other persons. As a consequence, we must reverse this conviction.

Article 1, § 11 of our State Constitution provides that search warrants shall be issued only "* * * upon probable cause supported by oath or affirmation * * *." Prior to the enactment of the statute above mentioned, being Ind. Code § 35-1-6-2, Burns § 9-602,[1] the probable cause requirement had to be predicated upon facts then in the knowledge of the affiant and not upon information not personally known to him. *Rohlfing* v. *State,* (1949) 227 Ind. 619, 88 N.E.2d 148; *McCurry* v. *State,* (1967) 249 Ind. 191, 231 N.E.2d 227. The statute has greatly liberalized the requirements for issuing such warrants by permitting the probable cause to be grounded upon information based upon *credible* hearsay. Recognizing the dangers inherent in hearsay, however, the Legislature incorporated specific require-

---

1.  9-602—Ind. Code § 35-1-6-2. Affidavit—Contents and form—Evidence of probable cause.—No warrant for search or arrest shall be issued until there is filed with the justice of the peace, judge of any city court or magistrate's court or the judge of any court of record, an affidavit, particularly describing the house or place to be searched and the things to be searched for, or particularly describing the person to be arrested, and alleging substantially the offense in relation thereto, and that the affiant believes and has good cause to believe that such things as are to be searched for are there concealed, or that the person to be arrested committed said offense, and setting forth the facts then in knowledge of the affiant or information based on credible hearsay, constituting the probable cause. When based on credible hearsay, the affidavit shall contain reliable information supplied to the affiant by a credible person, named or unnamed, and it shall contain the following:

(a) Affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.

(b) The facts within the personal knowledge of the credible person.

(c) The facts within the affiant's knowledge as to the credibility of the credible person.

ments into the statute to assure that the hearsay constituting the probable cause was *credible* in the mind of the issuing authority and not merely in the mind of the affiant. These requirements are specific and simple and were designed to assure that the determination of credibility can and will be that of the issuing authority, made independently of the judgment of the affiant. The goal is that warrants be issued only upon probable cause, shown preferably by facts but in any event by information that is believed to be reliable. The determination of probable cause cannot be made without first determining the likelihood of correctness of such information, and this determination must also be made by the issuing authority rather than merely by the affiant.

To assure that those warrants issued upon "information," rather than upon hard facts, are issued only upon *reliable* information, supplied by a *credible* person, the statute requires the affiant to supply the issuing authority with the following information:

(a) Affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.

(b) The facts within the personal knowledge of the credible person.

(c) The facts within the affiant's knowledge as to the credibility of the credible person.

It will be observed that requirement (a) calls for the conclusion of the affiant, but that requirements (b) and (c) call for facts. It is from these facts that the issuing authority will draw his independent conclusions as to (1) the credibility of the person who supplied the information to the affiant and (2) whether or not such person supplied such information from facts within his personal knowledge. The function of the affiant in this situation is primarily one of relaying factual information from the person who has personal knowledge of it to the person who is to make the "probable cause" determination. The judgments are to be

those of the issuing authority and not merely those of the seeker of the warrant. To require less would be to eliminate the judgment of the issuing authority, which would destroy the constitutionality of the procedure. "* * * probable cause must be determined by a 'neutral and detached magistrate,' and not by 'the officer engaged in the often competitive enterprise of ferreting out crime.'" *Spinelli* v. *United States,* (1969) 393 U.S. 410, 415-416, 89 S. Ct. 584, 21 L. Ed. 2d 637, 643.

We turn now to the affidavit upon which the determination of probable cause was made, to determine if it enabled the issuing authority to make the determination upon his own judgment, independently of the judgment or opinion of the affiant.

## "AFFIDAVIT

"Jon Oldham, of Greensburg, Indiana, swears that he believes and has good cause to believe that certain items, to-wit:

"1 Millers Falls 7¼" portable electric saw Model SP 2075

"1 Remington chain saw, model SL9, serial number RD3666, color red and white

"1 25 foot Unico green nylon garden hose

said items being taken in a burglary which occurred on the 11th day of June, 1971, are concealed in or about the house of Melvin E. Madden, Jr., 512 Bennett Street, Greensburg, Indiana, situate in the County of Decatur, State of Indiana. That the facts and information constituting the probable cause are as follows:

"I am a detective for the Indiana State Police. It was reported to the Greensburg City Police that sometime between the hours of 12 o'clock midnight and 7:00 a.m. on the 11th day of June, 1971, the Farm Bureau Store owned by The Decatur County Farm Bureau Association was burglarized. Certain items were reported missing, among them those items listed above. That during my investigation of the burglary, it has been reported to me by people who I believe to be credible that one Melvin E. Madden, Jr. was in possession of certain items stolen from said Farm Bureau Store. That Melvin E. Madden, Jr. has resided and presently resides in a house located at 512 Bennett

Street in the City of Greensburg. This affiant has personally recovered one of the items stolen from the Farm Bureau Store from Mrs. Robert Miller, mother of the defendant. Mrs. Miller stated to this affiant that the stolen item was given to Mr. Robert Miller (her husband) by the defendant."

At the outset, it will be observed that the affiant does not purport to have personal knowledge of the matters purporting to give rise to probable cause for issuance of the warrant. He commences by alleging that he believes and has good cause to believe certain facts. We do not question his belief, nor do we question his good faith in so believing, but the issue is whether or not the affidavit contained the factual allegations required by the statute—allegations which, assuming them to be true, would warrant the issuing authority, *independently of the affiant's beliefs,* also to arrive at the conclusion that probable cause does, in fact, exist. To make this determination, we must look solely to the affidavit to determine (a) that the informant or informants spoke with *personal knowledge* of the facts purporting to give rise to probable cause—not that they spoke from beliefs or opinions; (b) the *facts* within the personal knowledge of the affiant's informant or informants—not what he or they believe, but what they know, and (c) the *facts* within the personal knowledge of the affiants as to the credibility of his informant or informants—not what he believes concerning such credibility.

The second paragraph of the affidavit sets forth the information upon which the issuing authority was bound to act, that is the facts known to the affiant concerning the credibility of his informant or informants and the facts reported to him by them. Does it fulfil the requirements of the statute? We think not. We first observe that the affiant is a member of the Indiana State Police Department but that the report of a burglary which motivated him to seek the warrant was made not to him but to the Greensburg City Police Department. That information, then, is being funneled to the issuing authority through the affiant, an Indiana

State policeman, who received it from the Greensburg City Police Department, which received it from some undisclosed source.

Even if the report of the burglary had been made to the affiant, the affidavit was, nevertheless, deficient in that it disclosed no information from which its credibility could be assessed. Who reported it? How did such informer know of it? Is there reason to accept the informer's statements as correct? Did the informer observe it, hear about it from another, imagine it or fabricate it? The same mystery surrounds the description of the articles reportedly stolen.

We next come to the allegations concerning matters reported to the affiant. It was reported to him that certain items stolen in the burglary were in the possession of the defendant. These items were described elsewhere in the affidavit. Again, how credible was such report? How did the person who reported such possession know of it—and what does the affiant know about the informant that will aid the issuing authority in assessing his credibility.

From subsequent allegations in the affidavit, we learn that one of the items stolen in the burglary was recovered by the affiant from Mrs. Robert Miller and that Mrs. Miller was the mother of the defendant. We are also advised that the item had been given to her husband by the defendant. Again, the affiant supplied no information concerning the credibility of Mrs. Miller nor did it supply any information as to how she knew of the matters she related to him. If she was present when the gift was made and observed the transaction, the issuing officer was entitled to rely upon her report. However, if she came by such information from someone else, it was hearsay and not personal knowledge to her.

The hearsay acceptable under the amended search warrant statute, *supra*, was discussed in *Ferry* v. *State,* (1970) 255

Ind. 27, 262 N.E.2d 523, and information that was hearsay to the affiant was said to be "multiple or 'totempole' hearsay" and insufficient as a basis for finding probable cause. A casual reflection will reveal that an affidavit made upon information that is hearsay in the ear of the affiant cannot be supported by a recitation of the "facts within the personal knowledge" of the informant, because in such circumstances, the informant has no personal knowledge of the facts.

We hold that the affidavit that formed the basis for a finding of probable cause for the issuance of the search warrant was insufficient for the following reasons:

(1) The allegations that a burglary had occurred were not supported by allegations that the person who reported it to the affiant spoke with personal knowledge or by allegations of facts from which such personal knowledge could be reasonably inferred.

(2) The report of a burglary having been committed was hearsay in the ear of the affiant.

(3) The affidavit contained no allegations of facts within the affiant's knowledge as to the credibility of the person who reported the burglary.

(4) The affidavit did not affirmatively allege that Mrs. Miller spoke with personal knowledge that the defendant had given the stolen article to her husband, nor did it allege any facts within her personal knowledge from which it could be fairly inferred that she did, in fact, have personal knowledge of the gift transaction.

(5) The affidavit contained no allegations of facts within the affiant's knowledge as to the credibility of Mrs. Miller.

Because of the deficiencies above enumerated, there was nothing upon the face of the affidavit from which the correctness of the affiant's conclusions and the truth of the factual allegations could be assessed. Therefore, the issuing authority could not have made a determination of probable cause without relying upon the conclusions stated in the affidavit and the correctness of matters alleged as facts which were hearsay, not only in the ear of the issuing authority, but in the ear of the affiant as well.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

DeBruler and Hunter, JJ., concur; Arterburn, J., dissents with opinion in which Givan, C.J., concurs.

## DISSENTING OPINION

ARTERBURN, J.—I feel the majority opinion will place an insurmountable barrier to any workable search warrant procedure in Indiana. I feel the obstacles presented by this opinion and the requirements to make an affidavit good will enmesh us to an extent that we are trapped in our own technicalities.

For example, the opinion holds that the police officer should have alleged his personal knowledge of the burglary or named the persons from whom he received the knowledge and supported their credibility by other witnesses on that point. In other words, credibility is supported by hearsay on hearsay, and where do we end on such a requirement other than by simple statement that the affiant believes the person credible?

Secondly, where do we end with the requirement that all is unacceptable hearsay except that supported by credible testimony in turn supported by evidence that the person is credible? This officer was a detective. Undoubtedly he went to the burglarized premises, which he could easily state in the affidavit. Yet, how is he going to say that the Decatur Farm Bureau Association is the owner of the property burglarized? Is he going to have to go to the Secretary of State's office for an inspection of the record of incorporation or rely on hearsay? How does he know in any case that the corporation is the owner of the property except on general hearsay from a person he believes credible? How does he know that any property is missing except upon the statement of the one he assumes is the owner or one he assumes is an employee, or a clerk in charge of inventory, all of whom may be relying upon hearsay themselves as to the missing items? To me an affi-

davit for a search warrant does not need the certainty of proof for proving the crime at trial. To me this is just one of innumerable little isolated technical problems we get into in attempting to use the standards set forth in this opinion for a good search warrant. I might add, how does he know, except by hearsay, that the defendant occupied or held the premises when he got the search warrant? Does he need credibly supported testimony set out in a separate affidavit on this point—maybe a certified copy of the deed recorded or a copy of the rental agreement? Must all these little detailed items be included in an affidavit for a search warrant so that we have an affidavit that is hearsay proof with facts beyond all uncertainty, or is it still merely *just probable cause* for belief?

I would think if I were a police officer that I would have a right to believe, in going to the Decatur Farm Bureau Association, the word of the manager for a burglary although he might not have personal knowledge and might have to rely upon *other hearsay* as to the items missing and so forth. I think the officer ought to have the right to assume the correct name and the ownership of the Farm Bureau upon *hearsay even if that is built on hearsay.* I think he would have a right to assume that merely *from a sign on the door,* even though that is probably hearsay, and the person who put up the sign did it based on hearsay.

In my opinion, too many things in this life of ours are based on hearsay to negate credible hearsay in the fashion that this opinion does. The fact that Gerald Ford is President of the United States is based on hearsay as far as I am concerned. I have never seen him, nor seen his commission of election or confirmation.

I believe that an affidavit which states, as the affidavit in this case does, that the sources of the information in the affidavit *are credible in the affiant's own opinion* and that the mother of the defendant said he had given the lawnmower

that was stolen to her husband, his father, is credible and that the average man on the street (which is our standard for probable cause) would laugh at us for not accepting this at face value in the investigation of a burglary.

For the reasons stated I must dissent from this opinion.

Givan, C.J., concurs.

NOTE.—Reported at 328 N.E.2d 727.