KENNETH A. SPEARS *v.* STATE OF INDIANA

[No. 178S1. Filed December 7, 1978.]

*Richard L. Langston,* of Frankfort, for appellant.

*Theodore L. Sendak,* Attorney General, *Richard Albert Alford,* Deputy Attorney General, for appellee.

HUNTER, J. — The defendant, Kenneth A. Spears, was tried by jury and was convicted of commission of a crime (robbery) while armed. He was sentenced to thirty years' imprisonment. Upon his appeal, he asserts that the trial court committed reversible error by (1) overruling his motion to suppress and (2) denying him his right to confront a witness, Stephen Swafford.

Joe's Supermarket in Frankfort, Indiana, was robbed at about 3:30 a.m. on January 10, 1977. The cashier, Edna Timmons, testified that

a slim male, wearing a blue scarf, a dark blue coat, a dark blue stocking cap with holes cut in it, and a pair of light colored blue jeans which had a small hole in one knee, purchased two packs of Kool cigarettes. When Timmons opened the cash drawer to make change for the dollar which the perpetrator had tendered, the perpetrator threw down onto the counter a folded sack which he had taken from his right pocket and simultaneously pulled a gun. Timmons was ordered to fill the sack; she complied, but before she did so, she laid down (from force of habit) on the counter a penny and a nickel as the balance owed him for his cigarette purchase. He picked up the nickel with the cigarettes, but he left the penny. Timmons had seen a white card fall from his pocket when he had taken out the sack.

When he left, Timmons noted the direction he had taken and then called the police. She was able to give a detailed description of the robber's appearance, his escape route, and the white card to the investigating officers. The white card was a business card which read, "Millard Huffman, State Parole." The police found two sets of identical footprints in the fresh snow outside of the grocery — one set led to the store, the other set led away from the store. The tracks in the snow were followed to an alley across from a house located at 661 Catterlin Street, Frankfort, Indiana. The police learned that a Kenneth Spears, who was on parole to Millard Huffman, was residing in the first floor apartment of the house. The officers questioned Virginia Zabala, who lived in the apartment above; she stated that about 3:00 a.m. the defendant had borrowed a blue scarf from her saying that he was going to the grocery.

After they had knocked for approximately forty-five minutes and nobody had come to the door, the police procured a search warrant. Armed with the warrant, the officers again knocked and announced their purpose; the downstairs apartment door was opened by Stephen Swafford. A search of the premises revealed:    a large sum of money in the defendant's wallet, a shotgun, two packs of Kool cigarettes and a nickel (lying together on a table), a trash basket with burned paper in it, shotgun shells, a pair of wet blue jeans with a tear in the front, a stocking cap with holes in it, a blue scarf, and a pair of wet, brown leather boots which had soles which were very similar in nature to the footprints in the snow.

Virginia Zabala identified the scarf as the one she had loaned the defendant earlier. The defendant was arrested at the apartment.

## I.

The defendant separately designates six errors which are premised in the assertion that the trial court erroneously overruled the defendant's motion to suppress the evidence which was obtained from the search of the apartment. The defendant argues that the search warrant was based on hearsay and was defective under the statute, Ind. Code § 35-1-6-2 (Burns 1975). Without reaching the question of whether it was actually necessary for the police to procure a search warrant in this case, we do find that the affidavit supporting the issuance of the warrant was legally sufficient. The affidavit contained affirmative allegations that the affiant, a police officer, was supplied certain information regarding an ongoing investigation by other police officers who were personally conducting the investigation.

Although some of the police activity in the investigation (such as following the footprints in the snow) was spawned by the cashier's statements, the facts that there was only one set of prints leading away from the store, that the prints led to a house where Kenneth Spears was residing, and that Kenneth Spears was on parole to Millard Huffman, provided sufficient probable cause for the issuance of the warrant. Moreover, since the officer who was swearing out the affidavit for the search warrant was investigating the same robbery as the other officers (of the same police department) who actually talked to Timmons and Zabala, there is no totem pole hearsay problem here. *See Ferry v. State*, (1970) 255 Ind. 27, 262 N.E.2d 523; *Madden v. State*, (1975) 263 Ind. 223, 328 N.E.2d 727. Statements and facts included within the affidavit were sufficient to establish reasonable credibility for Timmons and Zabala in that the two accounts essentially corroborated each other.

The trial court properly overruled defendant's motion to suppress.

## II.

Stephen Swafford was called by the state to testify. He refused to answer on the grounds that his answers might incriminate him. The

defendant now argues that Swafford's refusal to testify in effect denied the defendant his right to confront a witness. This contention is without merit for two reasons. First, the defendant did cross-examine Swafford briefly concerning the meaning of the Fifth Amendment. Second, there is nothing in the record which suggests that the state knew that Swafford intended to invoke his Fifth Amendment privilege, and thus nothing shows that the state purposefully had planted any adverse inference in the minds of the jurors. *See United States v. Foster*, (7th Cir. 1973) 478 F.2d 1001. We question whether Swafford's refusal to testify *would* have created an inference unfavorable to the defendant.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE — Reported at 383 N.E.2d 282.