Edward F. POTTER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 3–778A165.

Court of Appeals of Indiana,
Fourth District.

Feb. 12, 1979.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Edward F. Potter appeals his conviction of rape urging as error the trial court's refusal to grant his Motion to Dismiss. Appellant argues that the affidavit of probable cause failed to comply with the statute and contained improper, prejudicial and inadmissible statements. He reasons that since such statements are not admissible at trial because they are prejudicial, they should not be permitted in the affidavit of probable cause. We affirm.

Omitting the name of the victim and a witness, the affidavit reads as follows:

"STATE OF INDIANA ) SS: IN THE ALLEN SUPERIOR COURT
COUNTY OF ALLEN )

STATE OF INDIANA )
VS. ) CAUSE NUMBER ___CR–77–163___
EDWARD F. POTTER )

### AFFIDAVIT FOR PROBABLE CAUSE

Undersigned swears or affirms that he believes and has good cause to believe that:

On or about the 26th day of June, 1977 at the County of Allen and in the State of Indiana said defendant, Edward F. Potter, did then and there unlawfully and feloniously, commit Sodomy, the abominable and detestable crime against nature with mankind, to-wit: S. S., a female human being of the age of thirteen (13) years of age.

On or about the 26th day of June, 1977 at the County of Allen and in the State of Indiana, Edward F. Potter did unlawfully, feloniously, and forcibly make an assault in and upon one S. S., a woman, and did forcibly and against her will unlawfully and feloniously ravish and carnally know her, the said S. S.

Edward F. Potter is described as being a male white individual, approximately 6′ in height, weighing 160 lbs., having brown hair, blue eyes, whose date of birth is August 19, 1957, whose social security number is 303–70–2505, and whose FWPD number is 65176.

The affiant, Judy Pyne, a detective with the Fort Wayne Police Department, believes and has good cause to believe that Edward F. Potter committed the aforesaid offense. Detective Pyne bases her belief on the fact that at approximately 1843 hours, June 27, 1977, the Fort Wayne Police Department was requested to conduct an investigation with reference to the possible rape of a 13 year old juvenile. Officers and detectives of the Fort Wayne Police Department responded and their investigation revealed that S. S., who resides with her brother and legal guardian, A. S., had spent the night of June 25 June 26, 1977 with C. P., sister of the defendant, Edward F. Potter. The Potters reside at 524½ West Brackenridge and between 0900 and 1200 hours the defendant entered C.'s bedroom and laid down with C. and S. C. got out of bed to take a shower and as soon as she left the bedroom the defendant pulled down his pants, grabbed S.'s hair and forced her to perform felatio. [sic] After performing oral sex for a period of time, the defendant then removed S.'s pants and did force her to have sexual intercourse with him. After the defendant had reached a climax, he informed S. that if she said anything about what had just happened that he would beat her up.

Detective Pyne goes on to state that in a follow-up investigation the panties that S. S. was wearing prior to and immediately after the aforesaid incident, were examined by the Fort Wayne Police Laboratory. The said examination revealed the presence of sperm on the panties. Detective Pyne also states that the victim, S. S., was given three polygram ex-

aminations and the results indicated that S. S. had told the truth with reference to the defendant, Edward F. Potter, forcing her to commit Sodomy on him and then the defendant raping her.

Detective Pyne believes the aforesaid S. S. is a credible and reliable person who spoke with personal knowledge of the aforesaid incidents. Said credibility and reliability is based on the fact that information given to the investigating officers has proven, through investigation, to be correct."

 Appellant complains that the recitation of the fact that the victim was given three polygraph examinations and that the results indicated that she had told the truth was prejudicial because such evidence would not have been admissible at trial. It is true that the receipt of such evidence at trial without prior agreement of the parties would have been error. *Swan v. State*, (1978), Ind., 375 N.E.2d 198. However, the transcript reveals that no such evidence was offered at trial. Nor was there any mention made that such tests had been made. Thus, no error occurred. Also when evidence is presented during a trial to the court which is inadmissible, it is presumed that the court does not rely on such evidence in making a determination. *Misenheimer v. State*, (1978) Ind., 374 N.E.2d 523; *Fletcher v. State*, (1976) 264 Ind. 132, 340 N.E.2d 771; *Kleinrichert v. State*, (1973) 260 Ind. 537, 297 N.E.2d 822; *Trinkle v. State*, (1972) 259 Ind. 114, 284 N.E.2d 816. We think that presumption is applicable to probable cause also.

The affidavit was sufficient absent the recitation of polygraph results so that embellishment should not have in itself persuaded the magistrate that a crime was committed.[1] The polygraph statement is surplusage and the better practice would be to omit it. No showing has been made that the reference to such tests and the inconsistency of the facts with the evidence in

---

1. While we hold this affidavit to be sufficient in the case at bar, it is not a model which should be followed in the future. It does not state from whom the information contained therein was received until the last paragraph, and then not all too clearly. Such a statement should be made clearly, preferably near the beginning of the affidavit.

any way affected the neutrality or the detachment required of the magistrate issuing the warrant.

■ Appellant next complains that the probable cause affidavit does not conform to the statutory requirements of IC 1971, 35–1–6–2 as it existed at that time. IC 35–1–6–2 was in part as follows:

No warrant for search or arrest shall be issued until there is filed with the justice of the peace, judge of any city court or magistrate's court or the judge of any court of record, an affidavit, particularly describing the house or place to be searched and the things to be searched for, or particularly describing the person to be arrested, and alleging substantially the offense in relation thereto, and that the affiant believes and has good cause to believe that such things as are to be searched for are there concealed, or that the person to be arrested committed said offense, and setting forth the facts then in knowledge of the affiant or information based on credible hearsay, constituting the probable cause. When based on credible hearsay, the affidavit shall contain reliable information supplied to the affiant by a credible person, named or unnamed, and it shall contain the following:

(a) Affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.

(b) The facts within the personal knowledge of the credible person.

(c) The facts within the affiant's knowledge as to the credibility of the credible person.

In particular Potter argues that the affidavit failed to state facts from which a neutral and detached magistrate could determine probable cause [2] and further, failed to state facts within the knowledge of the affiant which could lead such a neutral magistrate to believe that the declarant of those allegations was a credible person, where the declarant was one other than the affiant herself.

Here the affidavit is based upon hearsay because the affiant, Pyne, relates allegations recited to her by the victim. Therefore, the affidavit must comply with (a), (b) and (c) of the statute. Appellant argues with respect to these requirements that the affidavit is conclusive in nature and does not set forth facts as required. He urges that the charges should be dismissed on the basis of *Kinnaird v. State*, (1968) 251 Ind. 506, 242 N.E.2d 500 and *Ferry v. State*, (1970) 255 Ind. 27, 262 N.E.2d 523.

We find that the statutory requirements argued by appellant were met. First, the affidavit states affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.[3] Second, the affidavit recites the facts

**2.** Probable cause has been defined by the Supreme Court of the United States as follows:

"The substance of all the definitions" of probable cause "is a reasonable ground for belief of guilt." And this "means less than evidence which would justify condemnation" or conviction . . . .. Since Marshall's time, at any rate, it has come to mean more than bare suspicion: Probable cause exists where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. *Brinegar v. United States*, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (Citations omitted.).

**3.** In *Pawloski v. State*, (1978) Ind., 380 N.E.2d 1230, the Supreme Court of Indiana discussed

informants and the tests for determining the reliability of each.

There are two major types of informants and the test for determining the reliability of each is somewhat different:

(1) Professional informants and anonymous tipsters; Generally, reliability of this category must be established by reference to underlying facts and circumstances which indicate that the information is trustworthy. Corroboration is necessitated because information of this type may be unreliable or self-serving, especially when given in return for favors such as money or leniency in possible criminal prosecution.

(2) Cooperative citizens; This group includes victims of crime or persons who personally witness a crime. These individuals generally come forward with information out of the spirit of good citizenship and the desire to assist law enforcement officials in

within the personal knowledge of the credible person, i. e. the victim. Third, the affidavit recites facts within the affiant's knowledge as to the credibility of the credible person. Appellant argues that the following statement "Said credibility and reliability is based on the fact that information given to the investigating officers has proven, through investigation, to be correct" is insufficient to meet the requirements of (c). Neither the appellant nor the State point out the factual statement earlier in the affidavit regarding the investigation, that is "Detective Pyne goes on to state that in a follow-up investigation the panties that S. S. was wearing prior to and immediately after the aforesaid incident, were examined by the Fort Wayne Police Laboratory. The said examination revealed the presence of sperm on the panties." This information is within the affiant's knowledge about credibility of the credible person and goes beyond mere conclusory statements of credibility.[4]

■ Appellant's argument that the affidavit failed to state facts from which a neutral and detached magistrate could find probable cause is without merit. The affidavit recited the following:

> [t]he defendant pulled down his pants, grabbed S's hair and forced her to perform felatio. [sic] After performing oral sex for a period of time, the defendant then removed S's pants and did force her to have sexual intercourse with him. After the defendant had reached a climax, he informed S. that if she said anything about what had just happened that he would beat her up.

These are sufficient facts from which to determine probable cause.

Potter next complains that there was a discrepancy between certain facts recited in the affidavit and the evidence later elicited at trial. The affidavit recited that the incident took place in one bedroom when the testimony was that it had occurred in another; the affidavit stated that the incident had occurred when one of the witnesses got out of bed to take a shower when the evidence revealed the incident happened hours later; finally, the affidavit alleged that an examination of the panties secured from the complainant-witness by the Fort Wayne Police Department Laboratory indicated the presence of sperm when in fact the lab technician testified that the enzyme tests which he conducted to determine the presence of semen on the victim's panties was positive.

■ The fact that a discrepancy exists in the statement of fact in the affidavit for probable cause as compared to the evidence later elicited from the witnesses at trial is only relevant if the former amounts to a false statement, and the warrant will not be upset unless the misstatements are material and known to be false. *United States v. DiNovo*, (7th Cir. 1975) 523 F.2d 197; *United States v. Gonzalez*, (2d Cir. 1973) 488 F.2d 833; *United States v. Sultan*, (2d Cir. 1972) 463 F.2d 1066. Potter has not persuaded us that such misstatements as he complains of were known to be false by the affiant nor is there any such materiality revealed by the record sufficient to upset the warrant.

We affirm.

CHIPMAN, P. J., concurs.

MILLER, J., concurs with opinion.

solving crime. They are usually one-time informants and no basis exists from prior dealings to determine their reliability. Further, information of this type usually goes to past completed crimes rather than future or continuing crimes. Some jurisdictions have therefore held that informants of this type are to be considered reliable for the purpose of determining probable cause unless incriminating circumstances exist which cast suspicion upon the informant's reliability. (Citations omitted.)

Indiana has held that information from a victim of a crime is reliable and sufficient to establish probable cause for the issuance of an arrest warrant. *Pawloski v. State, supra; Layne v. State*, (1975) Ind.App., 329 N.E.2d 612. Therefore we are of the opinion that where as here the victim comes forward with information, it is reliable for the purposes of determining probable cause. *Pawloski, supra; Layne, supra.*

4. No argument is made by appellant about the nature of the Police Laboratory report.

MILLER, Judge, concurring.

I concur with the majority's conclusion that Defendant's conviction should be affirmed. I also agree that the probable cause affidavit, although poorly written, managed to conform to the statutory requirements of the then effective IC 1971, 35–1–6–2, and was therefore sufficient to authorize the arrest of the Defendant.

However, I cannot agree with the majority opinion insofar as it implies that the Defendant has raised a valid issue on appeal based on his assertion that the trial court committed reversible error in failing to dismiss the information because of a defective probable cause affidavit. Such a defective affidavit is not a ground under our statute (IC 35–3.1–1–4(a)) upon which a motion to dismiss may be based. In the very recent case of *Gilliam et al. v. State* (1978), Ind., 383 N.E.2d 297 (1978) our Supreme Court resolved this issue as follows:

"Before trial appellant Gilliam filed with the trial court a motion to dismiss the information, which the trial court denied. Appellant urges on appeal that the information should have been dismissed.

The basis of the motion was that the probable cause affidavit which accompanied the charging information failed 'to state any act which Kenneth Gilliam performed which would be a public offense.' Ind. Code § 35–3.1–1–4(a) (Burns 1975) lists the grounds upon which a motion to dismiss may be based. While subsection (9) thereof lists as grounds for dismissal that 'the indictment or information does not state the crime with sufficient certainty or the facts stated do not constitute a crime,' nowhere in section 4 is deficiency of a probable cause affidavit made grounds for dismissal or the information.

The probable case affidavit is not the means by which the accused is charged with a crime, but is a means of satisfying the constitutional and statutory requirements that the pre-trial detention of the accused to face the charge be based upon a determination, by a neutral and detached magistrate, that probable cause exists to believe that the accused committed the crime. Ind. Code § 35–3.1–1–1(b), (d) (Burns 1975); *Gerstein v. Pugh*, (1975) 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54. Appellant's motion stated no valid grounds for dismissal of the information and was properly denied.

If appellant's contention as to the sufficiency of the probable cause affidavit were correct, the only remedy available to him would be discharge from the custody of the sheriff based upon the probable cause determination supported by the deficient affidavit. *State ex rel. French v. Hendricks Superior Court*, (1969) 252 Ind. 213, 247 N.E.2d 519. Since appellant is no longer incarcerated by virtue of the magistrate's determination of probable cause in the trial court, since there is no allegation that any evidence against appellant was derived from his pre-trial incarceration, and since an absence of probable cause does not in itself affect the validity of a conviction, *Williams v. State*, (1973) 261 Ind. 385, 304 N.E.2d 311, appellant presents no issue on appeal."

Like the defendant in *Gilliam, supra*, the Defendant here presents no issue as to the sufficiency of the information by challenging the adequacy of the accompanying probable cause affidavit.