Garnet D. EVERROAD and Gregory K. Everroad, Appellants (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 03S01-9204-CR-278.

Supreme Court of Indiana.

April 16, 1992.

Kris Meltzer, Bate, Harrold & Meltzer, Shelbyville, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendants, brothers Greg and Garnet Everroad, were both convicted of Dealing in Cocaine or a Narcotic Drug, a class A felony; Dealing in Marijuana, a class D felony; Dealing in Hashish, a class D felony; and two counts of Dealing in a Schedule I Controlled Substance, a class B felony. The Court of Appeals affirmed in part, reversed in part, and remanded for resentencing. *Everroad v. State* (1991), Ind. App., 570 N.E.2d 38.

While the Court of Appeals discussed eighteen separate issues, we address only the following: (1) denial of discharge for delay; (2) validity of warrant and resulting searches; (3) sufficiency of the evidence.

### 1. Denial of Discharge for Delay

The defendants claim that they are entitled to discharge due to the State's failure to bring them to trial within the limits designated in Ind.Crim. Rule 4(C). The Everroads accurately assert that the trial court set the July 20, 1981, trial date on March 17, 1981; not on March 27 as stated by the Court of Appeals. 570 N.E.2d at 44. The defendants' motion for immediate discharge (as distinguished from an objection to trial date) was filed on

March 19 and denied April 15. However, because the State had until April 18, 1981, to bring the defendants to trial, the motion to discharge was premature. Thereafter, the defendants did not object to the July 20, 1981, setting until April 29, 1981—over a month after the trial had been set beyond the one-year limit. Thus the defendants failed to make a timely objection. We observe that even though this April 29 pleading is termed a "Memo in Support of Defendant's Petition for Discharge", it was the first time the defendants complained of the July 20 setting. Thus, it was substantively different than the earlier, premature motion for discharge, which prayed for immediate discharge, rather than objecting to July 20 trial date. The April 29 pleading was never ruled upon. Afterward, the defendants moved for at least two more continuances. The Court of Appeals properly concluded that the defendants had acquiesced to the July 20 trial setting.

### 2. Validity of Warrant and Resulting Searches

At trial the State presented evidence resulting from entry into and search of the defendants' mother's home following the issuance of a search warrant. The warrant authorized entry into the home to search for a specifically described 23-inch color television set. The trial court denied the defendants' motion to suppress and overruled their objections at trial. The Court of Appeals majority declined to address the defendants' challenge to the search warrant and resulting searches, finding that both defendants lacked standing to challenge the search. The State does not dispute the defendants' claim that standing was not an issue at the trial court, but has asserted on appeal the lack of standing on the part of Garnet.

The defendants contend that the Court of Appeals ignored the State's stipulation of standing and that both defendants had standing to challenge the search warrant. The record discloses no express stipulation. Rather, the defendants urge that the State impliedly stipulated to standing both by failing to affirmatively contest standing, and by claiming during the trial proceed-

ings that the defendants lived at the residence searched. We decline to find an implied stipulation.

■ The defendants also argue that the State should not be permitted to first raise the standing issue on appeal. While conceding their burden of proof on this issue, the defendants assert that fundamental unfairness results because they were never prompted to make a record on that point. Where the prosecution has failed to make any trial court challenge to standing, the government may not raise the issue for the first time on appeal. *Steagald v. United States* (1981), 451 U.S. 204, 209, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38, 43; *United States v. Ford* (10th Cir.1975), 525 F.2d 1308; *Wilderberger v. State* (1988), 74 Md. App. 107, 119 n. 7, 536 A.2d 718, 723 n. 7; *Williams v. United States* (D.C.App.1990), 576 A.2d 700. Likewise, in resolving a claim of unlawful search and seizure, an appellate court should not invoke lack of standing, *sua sponte.*

The search warrant was based on the following affidavit:

### AFFIDAVIT FOR SEARCH

Det. Sgt. Jerry Coon of the Columbus, IN. Police Dept., being duly sworn upon oath, states that he believes and has good cause to believe that Greg Everroad has in his possession a television set described as an Admiral Brand Model 23C673, Serial HO441064, color television set. The same set taken from a residence in Columbus, Indiana on the night of 10–7–79 allegedly by a subject named Greg Hill. Affiant has received information from a credible source that the same television set was sold to Greg Everroad and is still in his possession at RR #1, Hope, Indiana, more specifically the residence located on lot #98, Shafer Lake Addition. Information was received from subject allegedly present during the theft of above television set and also present during the sale of said set to Greg Everroad. Information received 10–25–79 indicates that the television is still at the above address and residence.

This affidavit is made for the purpose of searching the house and any other spots on the property that would be used to secret the television situated in Bartholomew County, Indiana.

/s/Jerry E. Coon

Subscribed and sworn to before me this 26 day of October, 1979.

Record at 207.

Police executed the search warrant by using eight officers to enter the residence, four each from the front and rear, "an awesome display of manpower to merely seek out a television set...." *Everroad*, 570 N.E.2d at 58 (Sullivan, J., dissenting). While failing to find the TV, the searching officers found Garnet in the kitchen where they also found marijuana and hashish in open view just moments after seeing Garnet hurriedly attempting to close the curtains screening the kitchen from outside view. These observations were the basis of a second search warrant under which police seized a variety of controlled substances, including cocaine, LSD, methaqualone, and various drug paraphernalia. The defendants contend that the search warrant was invalid because it resulted from an insufficient affidavit based upon hearsay information.

■ An affidavit for probable cause for issuance of a warrant may be based on hearsay if there is compliance with the requirements of the search warrant affidavit statute:

(a) [N]o warrant for search or arrest shall be issued until there is filed with the judge an affidavit:

(1) Particularly describing:

(A) The house or place to be searched and the things to be searched for; or

(B) Particularly describing the person to be arrested;

(2) Alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:

(A) The things as are to be searched for are there concealed; or

(B) The person to be arrested committed the offense; and

(3) Setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

(b) *When based on hearsay, the affidavit must either:*

(1) Contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) Contain information that establishes that the totality of the circumstances corroborates the hearsay.

Ind.Code § 35–33–5–2(a–b) (emphasis added).

■ Discussing a prior version of today's warrant statute, this Court in *Madden v. State* (1975), 263 Ind. 223, 328 N.E.2d 727, explained the reasoning supporting the statutory requirements regarding the use of hearsay in probable cause affidavits.

Recognizing the dangers inherent in hearsay ... the Legislature incorporated specific requirements into the statute to assure that the hearsay constituting the probable cause was *credible* in the mind of the issuing authority and not merely in the mind of the affiant. These requirements are specific and simple and were designed to assure that the determination of credibility can and will be that of the issuing authority, made independently of the judgment of the affiant. The goal is that warrants be issued only upon probable cause, shown preferably by facts but in any event by information that is believed to be reliable. The determination of probable cause cannot be made without first determining the likelihood of correctness of such information, and this determination must also be made by the issuing authority rather than merely by the affiant.

*Madden*, 263 Ind. 223, 225–26, 328 N.E.2d 727, 729. This rationale is equally applicable to the present warrant statute.

The affidavit in this case expressly relies upon hearsay without the requisite infor-

mation establishing credibility, factual basis, and corroboration.

As revealed at the suppression hearing, the chain of hearsay was lengthy. The TV theft victim (Callie Bray) gave the affiant (Officer Coon) hearsay information that the TV might be at the Everroad residence. Bray, however, failed to indicate to officer Coon any basis for this speculation. The factual allegations in the affidavit represented what Officer Coon had learned from Captain Hall. Captain Hall was told by Christy Burton that Nela Stillabower informed Burton that Tim Mowry had said the TV was at Greg Everroad's residence (*ie.*, Mowry tells Stillabower tells Burton tells Hall tells affiant Coon). There is no information which would permit us to determine who the "credible source" is or what credibility he or she might have. Nor do the totality of the circumstances corroborate the hearsay, as required by Ind.Code § 35-33-5-2(b)(2). Technical requirements of elaborate specificity are not always required in the haste of an investigation. *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. However, in this case the hearsay mountain is insurmountable, and does not constitute probable cause.

■ The State on appeal argues for the application of the good faith exception recognized in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. However, suppression remains appropriate where, as here, the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 698–99.

Other than the search warrant, the State does not advance any alternative basis or justification for the police intrusion into the Everroad home which led to the evidence resulting in the convictions. Because the warrant was defective, the ensuing entry and searches were unlawful and the evidence obtained is inadmissible.

In order to make effective the fundamental constitutional guarantees of sanctity of the home and inviolability of the person ... evidence seized during an unlaw-

ful search [cannot] constitute proof against the victim of the search. *Wong Sun v. United States* (1963), 371 U.S. 471, 484, 83 S.Ct. 407, 416, 9 L.Ed.2d 441, 453 (internal citations omitted). Because the admission of the improper evidence here is clearly not harmless error, the resulting convictions must therefore be reversed.

### 3. Sufficiency of the Evidence

■ The question of whether or not the defendants may be subjected to a new trial depends upon an analysis of the sufficiency of the evidence. This involves determining whether, considering all the trial evidence, including that erroneously admitted, sufficient evidence exists to support each conviction. *Lockhart v. Nelson* (1988), 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265; *Miller v. State* (1991), Ind., 575 N.E.2d 272; *Williams v. State* (1989), Ind., 544 N.E.2d 161.

The defendants contend that there was not sufficient evidence to sustain the convictions. This contention was addressed in the opinion of the Court of Appeals. *Everroad,* 570 N.E.2d at 53–54. We summarily affirm the decision on this issue. Ind. Appellate Rule 11(B)(3). The defendants are therefore subject to a new trial upon each count.

### Conclusion

Upon the issues of denial of discharge for delay and of validity of warrant and resulting searches, the decision of the Court of Appeals is superseded. Upon all other matters, the decision of the Court of Appeals is summarily affirmed. App.R. 11(B)(3). This cause is remanded to the trial court for new trial or other proper proceedings consistent with this opinion.

SHEPARD, C.J., DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents without separate opinion.