**Danny BRADLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–9110–CR–768.

Supreme Court of Indiana.

March 2, 1993.

Susan W. Brooks, McClure & McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Following a jury trial in March, 1991, appellant, Danny Bradley, was convicted of Count I, robbery, a class A felony; Count II, robbery, a class A felony; Count III, criminal confinement, a class B felony; Count IV, criminal confinement, a class B felony; Count VI, theft, a class D felony; Count VII, theft, a class D felony; and Count VIII, habitual offender. The jury was unable to reach a verdict as to Count V, carrying a handgun without a license, a class A misdemeanor. Appellant was sentenced in conformity with our sentencing statutes.

Appellant raises six issues in this direct appeal: 1) ineffective assistance of counsel; 2) denial of motion to suppress evidence; 3) refusal to give jury instruction on lesser included offense; 4) improper reduction of Count II to a class B felony; 5) refusal to give tendered instructions; and 6) error in allowing Master Commissioner to answer jury questions, accept jury verdicts, and preside over habitual offender phase. Because we reverse appellant's convictions

due to the trial court's failure to suppress evidence obtained as a result of an invalid search warrant, we do not reach appellant's other claims of error. As appellant does not claim that the evidence was insufficient to support his convictions, this case is properly remanded for a new trial. *See Chandler v. State* (1991), Ind., 581 N.E.2d 1233.

The facts most favorable to the verdict are as follows: At approximately 2:00 a.m. on November 4, 1989, appellant knocked on the motel room door of Janet McLaughlin and Mary Lou Leonard, who were staying at a Knights Inn in Indianapolis. Appellant told them that they had left their key in the door. Leonard thanked appellant and told him she would retrieve the key later. She watched him walk away and waited a few minutes to be sure he had left. When Leonard opened the door, appellant pushed his way inside the room with a gun in his hand, knocking Leonard to the ground. Appellant ordered the women to the corner of the room and threatened to kill them if they looked at him. He placed a coat over their heads and proceeded to ransack the room. Appellant took the women's purses, jewelry, and luggage, then told the women to stick their hands out so he could take their wedding bands. Leonard begged to be allowed to use soap to take off her rings, which had not been removed in years. Appellant refused and in the process of removing her rings he broke her finger. After the assailant left, the women notified the police and gave a description of their attacker. They were interviewed by Detective Sergeant Steven Gibbs and then taken to a hospital for treatment of Leonard's finger, as well as a laceration on her head and bruises.

The following Monday Detective Gibbs received an anonymous phone call advising him that appellant had committed the robbery. He obtained a search warrant, and on November 7th he and another officer executed the warrant at 2021 N. Bellefontaine, Bradley's address, finding several pieces of stolen property. Kerry Thomas, the mother of Bradley's children, was in the house and was wearing some of the

jewelry taken from Leonard and McLaughlin.

The search warrant was based on the following affidavit (reproduced verbatim):

## AFFIDAVIT FOR PROBABLE CAUSE

Det/Sgt Steven T Gibbs of the Marion CSD swears or affirms that he believes and has good cause to believe from my investigation I learned from reliable persons the following facts and attending circumstances that: he believes and has probable cause to believe that certain property hereinafter described is concealed in the following described residence, to wit: a two story yellow frame house with white trim and an enclosed brick porch with the numbers 2021 in the window and located at 2021 N Bellefontaine, Indpls, Marion County, Indiana. The property is described as follows: A LIGHT COLORED SMALL automatic pistol; a grey sweatshirt with wide red stripes down the sleeves; 2 (two) diamond rings, a diamond cross necklace, 2 (two) maroon suitcases a ladies gucci watch, a black ladies purse; a maroon John Romaine purse and credit cards and identification in the names of Mary Lou Leonard and Janet M McLaughlin; which constitutes unlawfully obtained property and evidence of an offense.

In support of your affieant's assertion of probable cause, your affiiant would show the court that he has received the following facts from a reliable informant which facts the informant stated to be within the informants personal knowledge, to wit: On 11–6–89 the informant made a phone call to Det/Sgt Steve Gibbs. The informant stated that he knew an armed robbery had occured at a motel room near Shadeland Ave the previous Friday or Saturday. The informant said that two older white women had a black male force his way into their motel room and display a weapon. The informant stated that luggage, jewelry, cash and credit cards were taken and that one lady had been injured. The informnat stated that this robbery had been done by a Denny Bradley who resides at 2021 Bellefoun-

taine, and that Bradley has a prior history of robbery arrests.

Your affiant believes and has probable cause to believe that the informant's information is reliable, based upon the following facts within your affiant's personal knowledge, to wit: On 11–4–89 (the previous Saturday) at about 2:41 am Det/Sgt Gibbs was sent to 7101 E 21st St, the Knights Inn Motel, room 309 (a block east of shadeland) to investigate an armed robbery. There I found Mary Lou Leonard wf55 and Janet McLaughlin wf56. They stated that a black male forced his way into their motel room and robbed them at gunpoint. They described all the property mentioned above by the informant as being taken with the exception of the credit cards. Mrs Leonard had her left finger broken by the robber as he took her wedding band. On 11–6–89 Det/Sgt Gibbs phoned both Leonard and McLaughlin and they stated that their credit cards had also been taken. To your affiants knowledge, there has been no publicity of this incident prior to receiving the informants phone call. Checking criminal histories Det/Sgt Gibbs found a Danny Bradley living at 2021 N Bellefountaine with prior robbery arrests. Therefore, your affiant respectfully requests the court to issue a search warrant directing the search for and seizure of the above-described property.

Record at 219. I.C. 35–33–5–2(b) requires that an affidavit in support of probable cause which is based on hearsay either "contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished" or "contain information that establishes that the totality of the circumstances corroborates the hearsay." Neither of these requirements have been met.

■ The affidavit does not establish the credibility of the source. The affiant twice states that the informant was reliable, when, in actuality, the informant was anonymous. Gibbs testified at the hearing on

the motion to suppress that the caller was anonymous, that he did not recognize the voice, and, to Gibbs' knowledge, that he had never before provided information to the police. Record at 220–21. Notwithstanding this discrepancy, the issuing court had no reason to credit the affiant's allegation of reliability insofar as there is no information provided to justify that assertion.

■ Additionally, there is no information establishing a factual basis for the tip from which a court could test the informant's conclusion that appellant was the perpetrator of the crime or Gibbs' conclusion that evidence of the crime would be found at the address to be searched. *Nathanson v. United States*, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). Gibbs swore that the informant stated the information was within his personal knowledge but sets forth in the affidavit no information which would allow a court to draw that conclusion. For example, there is no declaration that the informant witnessed or participated in the crime or that appellant told the informant the details of the crime, nor is there a statement that the informant personally observed the fruits of that crime in the possession of appellant or at his residence. Nor does the tip contain an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand," which would entitle the tip to greater weight than might otherwise be the case "if we entertain some doubt as to an informant's motives." *Illinois v. Gates*, 462 U.S. 213, 234, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527, 545 (1983). The tip simply does not contain that level of intimate detail which would lead a court to infer that the informant obtained the information from the perpetrator himself. There is merely a recitation of some facts of the crime and an allegation that appellant was the criminal.

■ There is also insufficient information to establish that the totality of the circumstances corroborates the hearsay. The fact that a Danny Bradley with prior robbery arrests was found in the computer to reside at the address given in the tip,

and that a crime fitting the description of the one related by the informant had actually occurred does not constitute probable cause to believe that the anonymous caller was telling the truth, or that a search at that address would yield fruits of the crime. *See Dolliver v. State* (1992), Ind., 598 N.E.2d 525. The corroboration did not involve the verification of accurate predictions of future actions of a third party, an important factor in *Gates*, which would give a court a substantial basis to believe that the informant had access to reliable information concerning illegal activities, but merely confirmed "easily obtained facts and conditions existing at the time of the tip." *Gates*, 462 U.S. at 245, 103 S.Ct. at 2335. Although Gibbs testified at the suppression hearing that he did not relate the details of the crime to the motel staff or to the media, he could not state that the victims or other personnel present at the crime scene did not discuss the crime. Indeed, as appellant points out, the hospital record of Leonard's treatment discloses that she was robbed at gunpoint. Gibbs' corroboration of the informant's tip simply establishes that the informant knew of the crime and knew of appellant. It does not provide a connection between the crime and appellant or between the stolen property and the place searched. We therefore find that this affidavit does not meet the requirements of I.C. 35–33–5–2 and that the warrant to search 2021 N. Bellefontaine did not issue upon probable cause.

The state argues that Detective Sergeant Gibbs was acting in good faith when he executed the warrant and that the evidence obtained in the search should therefore not be suppressed. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Blalock v. State* (1985), Ind., 483 N.E.2d 439; I.C. 35–37–4–5. We disagree.

■ Suppression remains an appropriate remedy "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," or where an officer relied "on a warrant based on an affidavit so lacking in

indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421. In this case the affidavit referred to the informant as reliable twice, once in the printed portion of the form and then again in the body of the affidavit, when, in fact, there was no basis to conclude that the informant was reliable. *See Dolliver*, 598 N.E.2d at 529. Detective Sergeant Gibbs could not have had a reasonable belief in the validity of a warrant based upon an affidavit that misrepresented an anonymous informant as reliable and was so otherwise lacking in indicia of probable cause. *Stabenow v. State* (1986), Ind.App., 495 N.E.2d 197. Therefore, we must conclude that the evidence obtained as a result of the invalid warrant must be suppressed. We hold that the trial court erred in denying appellant's motion to suppress and that such evidence should not have been admitted during the trial. We cannot view this erroneous admission as harmless beyond a reasonable doubt because McLaughlin was unable to identify appellant, Leonard did identify appellant but her opportunity to do so was questionable and appellant was a stranger to her, and Thomas recanted her incriminatory statements at trial. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Smith v. State* (1991), Ind., 565 N.E.2d 1059.

Accordingly, we reverse appellant's convictions and remand this cause to the trial court for a new trial.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

I cannot agree with the majority characterization of the affidavit used to obtain the search warrant in this case. When reading the affidavit in its entirety, it becomes quite clear that the affiant was representing to the trial court that the information received from an informant was thought by the affiant to be reliable because the caller described the crime in detail including the fact that credit cards had been taken. The officer felt the information was reliable based upon what he knew at that time concerning the crime. However, he did not know that credit cards had been taken and he called the victims to verify that such had occurred. This strengthened his conclusion that the information was reliable. Nowhere in his affidavit does he represent that he knew the caller.

The majority opinion speculates that the caller might have heard about the crime from other sources. However, the affiant states that the crime had not received publicity. The precise and accurate detail of the crime recited to the officer by the informant is quite sufficient to support the affiant's statement that the information was reliable and to support the issuance of the warrant.

The trial court did not err in refusing to suppress the evidence obtained in the search.