**Otis LLOYD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A01–9608–CR–249.**

Court of Appeals of Indiana.

Feb. 28, 1997.

Rehearing Denied May 20, 1997.

---

David Schalk, Bloomington, for Appellant–Defendant.

Pamela Carter, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

In this interlocutory appeal, appellant-defendant Otis Lloyd contests the denial of his motion to suppress the marijuana discovered during a search of his apartment. In particular, Lloyd contends that the deputy sheriff conducted the search pursuant to an invalid search warrant. He further contends that the State cannot circumvent the invalid warrant through the good faith exception.

### FACTS

On May 11, 1995, Morgan County Deputy Sheriff Larry D. Sanders appeared before a Morgan County magistrate to obtain a search warrant for Lloyd's apartment in Bloomington, Indiana. In order to procure the warrant, Deputy Sanders testified to the facts which he believed established probable cause. In particular, Deputy Sanders stated that he had attempted an undercover marijuana purchase from Virginia Buckley. During the attempted purchase, Deputy Sanders followed Buckley to an apartment in Bloomington which she identified as belonging to her source and observed her enter. Shortly thereafter, Buckley exited the apartment and informed Sanders that "he's not home right now, he doesn't have anything." Record at 8. Thereafter, Deputy Sanders discovered that Lloyd lived in the apartment where Buckley attempted to purchase marijuana.

Approximately one and one-half weeks later, Deputy Sanders attempted another undercover buy from Buckley. This time Buckley handed Deputy Sanders some marijuana and informed him that she could get more

marijuana from her source in Bloomington. Although Buckley never named her source, Deputy Sanders testified that he believed it to be Lloyd. After hearing the testimony, the magistrate determined that probable cause existed to support a search for marijuana in Lloyd's apartment and issued the warrant. The subsequent search of Lloyd's apartment revealed marijuana.

On June 28, 1995, Lloyd was charged with Possession of Marijuana,[1] a Class D felony, and Dealing in Paraphernalia,[2] a Class D felony. Prior to trial, Lloyd filed a motion to suppress the marijuana found during the search of his apartment claiming that the only evidence offered by Deputy Sanders to support the issuance of the search warrant was the unreliable hearsay statements of Virginia Buckley. The trial court subsequently denied the motion on February 14, 1996. Lloyd now appeals the denial of his motion to suppress.

### DISCUSSION AND DECISION

Lloyd raises several challenges to the validity of the search of his apartment. First, Lloyd contends that Deputy Sanders failed to establish probable cause as required by the Fourth Amendment to the United States Constitution and IND. CODE § 35–33–5–2(b) since the information supporting a finding of probable cause was based on Buckley's unreliable hearsay statements. Second, Lloyd argues that the good faith exceptions set forth by the United States Supreme Court in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and IND. CODE § 35–37–4–5 are inapplicable to cure the invalid warrant. Finally, Lloyd argues that the search of his apartment violated Article I, Section 11 of the Indiana Constitution in that the search as a whole was unreasonable.

1. IND. CODE § 35–48–4–11.

2. IND. CODE § 35–48–4–8.5.

3. "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

### I. Probable Cause

Both the Fourth Amendment to the United States Constitution[3] and IND. CODE § 35–33–5–1[4] require a search warrant to be supported by probable cause. In order to establish probable cause for a search a law enforcement officer must show that crime-connected items exist and that they can be discovered in a specific place. IND. CODE § 35–33–5–2(a)(1)(A). In determining whether probable cause exists to support the issuance of a warrant, the magistrate makes a "practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that evidence of a crime will be found." *Bigler v. State,* 602 N.E.2d 509, 514 (Ind.Ct.App.1992), *trans. denied.*

When reviewing a magistrate's decision to issue a warrant, this court applies a deferential standard. *Ornelas v. United States,* — U.S. —, —, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996); *Cutter v. State,* 646 N.E.2d 704, 713 (Ind.Ct.App.1995), *trans. denied.*[5] We will affirm the magistrate's decision to issue a warrant if the magistrate had a substantial basis for concluding that probable cause to search existed. *Bigler,* 602 N.E.2d at 514.

In the instant case, the majority of the evidence presented by Deputy Sanders in support of the warrant consisted of the hearsay statements of Virginia Buckley. Hearsay statements, which are statements made by one other than the declarant while testifying at a trial or hearing and which are offered in evidence to prove the truth of the matter asserted, may be used to establish probable cause. However, both the Indiana legislature and the United States Supreme Court have set forth certain requirements to ensure that the hearsay used to support the probable cause finding is reliable.

4. "A court may issue warrants only upon probable cause . . ." I.C. § 35–33–5–1.

5. This court defers to the magistrate's decision in order to encourage law enforcement officers to obtain a warrant prior to conducting a search. *Ornelas,* — U.S. at —, 116 S.Ct. at 1663. The existence of a warrant provides a preeminent form of support for determining that the State met its burden of establishing probable cause. *Brown v. State,* 653 N.E.2d 77, 79 (Ind.1995).

The Indiana legislature's requirements for hearsay are contained in IND. CODE § 35–33–5–2(b)(1) and (2) which provides that an affiant who is attempting to establish probable cause must show that his sworn testimony or affidavit:

(1) contain[s] reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain[s] information that establishes that the totality of the circumstances corroborates the hearsay.

Similar to section two of the statute, the federal test for ensuring the reliability of a hearsay statement in determining probable cause allows the use of hearsay if the totality of the circumstances corroborates the hearsay. *Illinois v. Gates*, 462 U.S. 213, 230–31, 103 S.Ct. 2317, 2328–29, 76 L.Ed.2d 527 (1983). Initially, we note that the record reveals that Deputy Sanders did not attempt to establish that Buckley's hearsay statements satisfied I.C. § 35–33–5–2(b)(1). In particular, Deputy Sanders did not establish that Buckley was credible, that her information was reliable or that she had firsthand knowledge of the fact that Lloyd possessed marijuana in his apartment. Thus, in order for the warrant to be valid pursuant to I.C. § 35–33–5–2(b)(2) and the Fourth Amendment, Deputy Sanders must have shown that the totality of the circumstances corroborated the hearsay.

To determine whether the totality of the circumstances corroborates the hearsay, a magistrate considers whether there is a fair probability, given all the circumstances, including the veracity and basis of knowledge of the persons supplying the hearsay information, that evidence of a crime will be found in a particular place. *Bigler*, 602 N.E.2d at 514; *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332. In the present case, the record reveals that Buckley informed Deputy Sanders that she could get more marijuana from her source in Bloomington. It is conceivable that Deputy Sanders, based on his knowledge that Buckley once attempted to obtain marijuana from Lloyd, believed that Buckley was referring to Lloyd in her statement. However, Buckley never specifically identified Lloyd as her source. Furthermore, the one time that Buckley attempted to obtain marijuana from Lloyd, she was unsuccessful.[6] The totality of the circumstances do not corroborate Buckley's hearsay statement. Thus, Deputy Sanders failed to establish that probable cause existed pursuant to both I.C. § 35–33–5–2(b) and the Fourth Amendment. Therefore, the trial court erred in issuing a warrant to search Lloyd's apartment.

## II. Good Faith

■ Generally a search conducted pursuant to an invalid warrant results in the suppression of any items seized. However, an exception has been carved out under both federal and Indiana law in which a search will be deemed valid if the State can show that the officer conducting the search relied in good faith upon a properly issued, but subsequently invalidated warrant. *Leon*, 468 U.S. at 922, 104 S.Ct. at 3420; I.C. § 35–37–4–5.[7] The good faith exception will not apply under the following circumstances: (1) the warrant is based on false information knowingly or recklessly supplied; (2) the warrant

---

**6.** The record also reveals that Buckley may have known Lloyd's telephone number. R. at 8–9. However, even if this fact were true it does not corroborate Buckley's hearsay statement, that Lloyd possessed marijuana in his apartment.

**7.** I.C. § 35–37–4–5 provides in relevant part:
(b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:
(1) it is obtained pursuant to:
(A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid; ... and

(2) the law enforcement officer, at the time he obtains the evidence, has satisfied applicable minimum basic training requirements established by rules adopted by the law enforcement training board under IC 5–2–1–9.

I.C. § 35–37–4–5 requires an officer to have met the basic training requirements of I.C. § 5–2–1–9 in order for the good faith exception to apply. These requirements provide a basis for courts to determine whether an officer, in light of his or her training, conducted a search pursuant to an invalid warrant in objective good faith. Thus, where a well-trained officer would know that a search is illegal despite the magistrate's authorization, the good faith exception will not apply. *Doss*, 649 N.E.2d at 1048; *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420–21.

is facially deficient; (3) the issuing magistrate is not detached and neutral; or (4) the affidavit or sworn testimony upon which probable cause rests is so lacking in indicia of probable cause as to render an official belief in the existence of the warrant unreasonable. *Leon,* 468 U.S. at 923, 104 S.Ct. at 3420–21; *Doss v. State,* 649 N.E.2d 1045, 1047 (Ind.Ct. App.1995). Here, Lloyd contends that the good faith exception does not apply because the warrant was so lacking in indicia of probable cause that Deputy Sanders could not have formed an objectively reasonable belief in the validity of the warrant.[8]

To support his argument, Lloyd relies on our supreme court's holdings in *Everroad v. State,* 590 N.E.2d 567 (Ind.1992) and *Bradley v. State,* 609 N.E.2d 420 (Ind.1993). In *Everroad,* a magistrate issued a search warrant for the defendant's home to find a stolen television set. *Id.* at 570. Probable cause for the warrant was based upon a lengthy string of hearsay statements. *Id.* at 571. The court held that the hearsay statements did not establish probable cause for the issuance of the warrant since the officer who offered the statements did not establish the source of the hearsay or its credibility. *Id.* The court further held that the good faith exception did not justify the search since the warrant was lacking in indicia of probable cause. *Id.* The court reasoned that based solely on the string of hearsay statements, no officer could harbor a reasonable belief in the warrant's validity. *Id.*

In *Bradley,* the magistrate issued a search warrant which permitted the police to search for stolen property at the defendant's address. *Bradley,* 609 N.E.2d at 421. The warrant was based upon an anonymous informant's description of a motel robbery. *Id.* at 422. The informant named Bradley as the perpetrator of the crime and asserted that Bradley had a history of robbery arrests. *Id.* The detective then informed the magistrate that he believed the informant to be reliable because the robbery about which the

informant spoke had not been made public prior to the informant's call. *Id.* On review, our supreme court held that the affidavit presented by the detective did not establish that the informant was credible or reliable and that the totality of the circumstances did not corroborate the informant's statements. *Id.* at 422–23. The court further held that the good faith exception did not apply to cure the invalid warrant since the detective misinformed the court that his informant was reliable and the warrant was otherwise lacking in indicia of probable cause. *Id.* at 424.

The facts in the present case are distinguishable from *Everroad* and *Bradley.* Unlike the officers in those cases, Deputy Sanders had firsthand knowledge that Buckley once attempted to obtain marijuana from Lloyd's apartment in Bloomington for the purpose of selling it to Deputy Sanders. This firsthand knowledge, when viewed in conjunction with Buckley's hearsay statement that she "could run back to Bloomington" where "her source still had some marijuana" caused Deputy Sanders to harbor an objective belief in the validity of the warrant.

The dissent contends that Officers Sanders' belief in the warrant was not objectively reasonable since "Sanders had no firsthand knowledge of *any* other fact related to Lloyd," other than the fact that Buckley previously attempted to obtain marijuana from Lloyd. The dissent further contends that Buckley's hearsay statements about "her source" in Bloomington "do not provide any nexus with Lloyd unless one makes the improbable inference that Lloyd was the *only* source of marijuana in Bloomington." (emphasis added). Thus, the dissent concludes this evidence could have left Deputy Sanders with only a "hunch" that Lloyd was Buckley's source of marijuana and that therefore, the warrant was lacking in indicia of probable cause.

By employing this analysis, the dissent has essentially eradicated the good faith excep-

---

8. Lloyd also argues that the good faith exception does not apply because the warrant was based upon false information knowingly or recklessly supplied by the affiant, the warrant was facially deficient and the magistrate was not detached and neutral. However, Lloyd has failed to pres-

ent a cogent argument in support of his assertions as required by Ind.Appellate Rule 8.3(A)(7). Thus, he has waived these arguments. *Bieghler v. State,* 481 N.E.2d 78, 89 (Ind.1985), *cert. denied; Bieghler v. Indiana,* 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (U.S.1986).

tion. The good faith exception was created to validate searches conducted pursuant to warrants properly issued but later determined to be lacking probable cause. Thus, in every case where the good faith exception applies, there will automatically be less than probable cause. Nevertheless, there will be instances where the good faith exception will not apply, for example, where a warrant is so lacking in indicia of probable cause that an officer cannot rely upon the warrant in objective good faith. However, in *Leon*, the United Supreme Court anticipated that most warrants would be covered by the good faith exception, falling within the spectrum between warrants supported by probable cause and those so lacking in indicia of probable cause.[9] By improperly labeling the warrant in this case as one so lacking in indicia of probable cause, the dissent closes this gap, thereby eliminating the exception. As a result, the dissent has ignored the express language of Indiana case law, statutes, and United States Supreme Court precedent.

In the instant case, a neutral and detached magistrate made a practical, common-sense decision based on all the circumstances that there was a fair probability that marijuana would be found in Lloyd's apartment. Although, in retrospect, this court has determined that the magistrate erred, we cannot say that Deputy Sanders could not have held an objective good faith belief in the validity of the warrant. Deputy Sanders attempted two undercover marijuana purchases from Buckley within one and one-half weeks of each other. During the first attempted buy, Deputy Sanders observed Buckley enter Lloyd's apartment for the purpose of obtaining marijuana. Although the first attempt

was unsuccessful, one and one-half weeks later Deputy Sanders successfully purchased marijuana from Buckley who then explained that she could obtain more from "her source" in Bloomington. Based upon Deputy Sanders' prior observation, a reasonable person could conclude that Buckley's source was Lloyd, especially in light of the fact that Buckley gave no indication to the contrary. Thus, Deputy Sanders' belief was more than a hunch and was objectively reasonable. Deputy Sanders conducted the search in good faith reliance upon the warrant pursuant to I.C. § 35–37–4–5 and *Leon*.[10] As a result, the trial court did not err in denying Lloyd's motion to suppress.

### III. Article I, Section 11

 Finally, Lloyd contends that the search of his apartment violated Article I, Section 11 of the Indiana Constitution [11] which protects Hoosiers against unreasonable police activity. *Brown*, 653 N.E.2d at 79. In determining whether a search is reasonable, this court looks at the facts of each case to determine whether the totality of the circumstances reveal that the police behavior was reasonable. *Peterson v. State*, 674 N.E.2d 528, 533–34 (Ind.1996); *Moran v. State*, 644 N.E.2d 536, 539 (Ind.1994); *but see Brown*, 653 N.E.2d at 81–82 (Sullivan, J., dissenting) (rejecting use of reasonableness test under Article I, Section 11).

 Here, Deputy Sanders appeared before the magistrate to obtain a warrant. Upon hearing all of the evidence presented by Deputy Sanders, the magistrate issued the warrant. Relying on this properly issued

---

9. Specifically, the United States Supreme Court in *Leon* stated that the "suppression of evidence obtained pursuant to a warrant should be ordered only ... in those unusual cases in which exclusion will further the purpose of the exclusionary rule." *Id.* at 918, 104 S.Ct. at 3418. The purpose that the Court was speaking of was the ability to deter law enforcement officers from conducting illegal searches and seizures. The Court concluded, however, that in most cases where a neutral and detached magistrate had issued the warrant, suppressing the evidence of a search would not deter a law enforcement officer who had done everything to comply with the law before conducting the search. *Id.* at 917, 104 S.Ct. at 3417–18.

10. The court in *Leon* noted that "[o]nce a warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law." *Leon*, 468 U.S. at 921, 104 S.Ct. at 3419. It further stated that "[w]hen officers have acted pursuant to a warrant, the prosecution should ordinarily be able to establish objective good faith without substantial expenditure of judicial time." *Id.* at 924, 104 S.Ct. at 3421.

11. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated." Ind. Const. art. I, § 11.

warrant, his observation of Buckley's prior attempted buy from Lloyd and Buckley's statements, Deputy Sanders executed the warrant. Only later did this court determine that the warrant lacked probable cause. However, this deficiency alone will not render a search unreasonable. *See Moran,* 644 N.E.2d at 542 (citing Craig M. Bradley, Two Models of the Fourth Amendment, 83 Mich. L. Rev. 1468, 1481–1491 (1985) for the proposition that fixed criteria such as the warrant requirement should be avoided). Furthermore, as noted in our discussion regarding the application of the good faith exception, Deputy Sanders relied in objective good faith upon the warrant. We therefore, find that the search of Lloyd's apartment was reasonable based upon the totality of the circumstances. Thus, Lloyd's claim under Article I, Section 11 fails.

In sum, we conclude that the magistrate erred in issuing the warrant since Deputy Sanders did not establish probable cause to search Lloyd's apartment. However, because Deputy Sanders acted in good faith reliance upon the warrant, the search was valid. Furthermore, the search was reasonable under Article I, Section 11. Thus, we affirm the trial court's denial of the motion to suppress and remand for proceedings not inconsistent with this opinion.

Judgment affirmed.

KIRSCH, J., concurs.

NAJAM, J., dissents with separate opinion.

NAJAM, Judge, dissenting.

I respectfully dissent. I agree with the majority that probable cause did not exist to support the warrant to search Lloyd's apartment. However, I cannot agree that the good faith exception applies here because the testimony is so lacking in indicia of probable cause as to render an official belief in the validity of the warrant unreasonable. *See Leon,* 468 U.S. at 923, 104 S.Ct. at 3420–21; *Everroad,* 590 N.E.2d at 571; IND. CODE § 35–37–4–5.

The majority acknowledges that Deputy Sanders did not establish Buckley's credibility, the reliability of her information, or that she had firsthand knowledge that Lloyd possessed marijuana in his apartment. Op. at 73–74. The majority also concedes that Buckley never identified Lloyd as her source. Op. at 74. Nevertheless, the majority holds that the evidence seized under the authority of the warrant is admissible because "Deputy Sanders had firsthand knowledge that Buckley once attempted to obtain marijuana from Lloyd's apartment for the purpose of selling it to Deputy Sanders." Op. at 75. I disagree. Buckley's representation that she attempted to obtain marijuana from Lloyd cannot be attributed to him. On one occasion Sanders observed Buckley go to Lloyd's apartment, but Sanders had no firsthand knowledge of any other fact related to Lloyd. The majority mischaracterizes as a "fact" that "Buckley previously attempted to obtain marijuana from Lloyd." Op. at 75. No reliable evidence supports that characterization.

The "firsthand knowledge" perceived by the majority is based upon the following: Deputy Sanders gave Buckley money and observed her go to an apartment that Sanders later learned belonged to Lloyd. After visiting the apartment, Buckley told Sanders that "he's not home right now, he doesn't have anything." Record at 8. There was nothing that Deputy Sanders personally observed which provided him with firsthand knowledge of a connection between Lloyd's apartment and the sale of marijuana. These facts show only that Buckley took Sanders to Lloyd's apartment stating that she would obtain marijuana and then reported that she could not. Sanders' presence outside the apartment did not convert Buckley's hearsay statements into Sanders' knowledge. The testimony demonstrates that Sanders proceeded entirely on a hunch that Lloyd was the source rather than from any reliable hearsay or firsthand knowledge of probable criminal activity attributable to Lloyd.

Deputy Sanders testified that he believed Buckley had obtained the marijuana which she sold to him from Lloyd. According to Sanders, Buckley told him that if he wanted more of the drug she "could run back to Bloomington" where "her source still had some marijuana." Record at 7, 8. These

hearsay statements attributed to Buckley do not provide any nexus with Lloyd unless one makes the improbable inference that Lloyd was the only source of marijuana in Bloomington. Here, the warrant was so lacking in indicia of probable cause that the good faith exception delineated in *Leon* should not apply. *See Leon*, 468 U.S. at 923, 104 S.Ct. at 3420–21 (well-trained officer would not manifest objective good faith in relying on warrant based on affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable") (citation omitted).

For the same reason, the evidence from Lloyd's apartment could not have been obtained in good faith by a law enforcement officer as required by Indiana Code § 35–37–4–5. Under the relevant statutory provision, evidence obtained by an unlawful search or seizure may not be excluded where the search warrant was properly issued upon a determination of probable cause by a neutral and detached magistrate and was reasonably believed by the law enforcement officer to be valid. I.C. § 35–37–4–5(b)(1)(A). As previously discussed, no probable cause supported the warrant, and Sanders could not have had a reasonable belief in its validity.[12]

Further, Article I, Section 11 of the Indiana Constitution provides an adequate and independent ground for excluding the evidence. *See Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). In order to develop an independent Indiana constitutional jurisprudence, we must look to our constitution as an independent source of rights. *See* Robert F. Utter & Sanford E. Pitler, *Presenting a State Constitutional Argument: Comment on Theory and Technique*, 20 IND. L.REV. 635 (1987). Article I, Section 11 provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported

by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

The Indiana Supreme Court has stated that the purpose of Article I, § 11 is to protect those areas of life that Hoosiers regard as private from unreasonable police activity. *Moran v. State*, 644 N.E.2d 536, 540 (Ind. 1994). The provision must receive a liberal construction in its application to guarantee the people against unreasonable search and seizure. *Id.* Houses and premises of citizens receive the highest protection under Article I, § 11. *Id.*

Lloyd's Indiana constitutional rights were violated when the search warrant was issued on a hunch. The groundless warrant used as authority for an unreasonable search was precisely the type of abuse which the framers intended to prevent. *See id.* at 539. The majority contends that this conclusion would eradicate the good faith exception. On the contrary, previous decisions of the United States Supreme Court and the Indiana Supreme Court have held that the exception is unavailable when the evidence is so lacking in indicia of probable cause as to render an official belief in the validity of the warrant unreasonable. *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420–21; *Everroad*, 590 N.E.2d at 571. If a mere hunch were sufficient to support an official belief in the validity of a warrant, the good faith exception would swallow the constitutional prohibition against unreasonable search or seizure, and no Indiana citizen would be secure in his person, house, papers and effects.

Our supreme court recognized the *Leon* good faith exception in *Blalock v. State*, 483 N.E.2d 439 (Ind.1985), and the exception applies to Article I, § 11. *See also Mers v. State*, 482 N.E.2d 778, 783 (Ind.Ct.App.1985). However, the good faith exception should not be allowed to save an otherwise invalid warrant based on a chain of inferences connected only by unreliable hearsay. *See Everroad*,

---

**12.** Lloyd did not preserve or raise the issue of Sanders' qualification to testify under Indiana Code § 35–37–4–5, which requires that, in addition to good faith, the law enforcement officer must have satisfied applicable minimum basic training requirements adopted by the law en-

forcement training board. I.C. § 35–37–4–5(b)(2). Thus, we must assume on this record that Sanders was qualified to testify. Having met the training requirements, Sanders could not have had a reasonable belief that a hunch was sufficient to support the issuance of the warrant.

590 N.E.2d at 570–71 (affidavit relied upon hearsay without requisite information establishing credibility, factual basis and corroboration; warrant lacked indicia of probable cause). A hunch may lead to probable cause but is not a substitute for it. Neither can a hunch support an official belief in the validity of a warrant. Article I, Section 11, *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420–21, and Indiana Code § 35–37–4–5 require more. The search of Lloyd's apartment was unreasonable as a matter of law on all three grounds. I would reverse the trial court's denial of Lloyd's motion to suppress. Accordingly, I dissent.