**Norman and Eileen WENDT, Appellants–Defendants,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A04–0612–CR–684.**

Court of Appeals of Indiana.

Nov. 21, 2007.

Katharine C. Liell, Liell & McNeil Attorneys PC, Bloomington, IN, Attorney for Appellants.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

In this consolidated appeal, Norman and Eileen Wendt challenge the admission of evidence seized at their home pursuant to a search warrant. The Wendts first assert there is no good faith exception to the exclusionary rule under the Indiana Constitution. They also argue the good faith exception is unavailable because the officer who sought the warrant acted in reckless disregard of the truth and misled the issuing magistrate regarding the reliability of his informant. We reaffirm the good faith exception under the Indiana Constitution, and we find the officer acted in good faith. The trial court therefore did not abuse its discretion by admitting the evidence, and we affirm.

### FACTS AND PROCEDURAL HISTORY

On August 13, 2004, the Indiana State Police obtained a warrant to search the Wendt residence after learning the Wendts were growing and selling psilocybin mushrooms.[1] Officers executed the search warrant and found marijuana, drug paraphernalia, prescription drugs, weapons, and evidence of mushroom growing. The State charged the Wendts with manufacturing a controlled substance as a Class B felony,[2] possession of a controlled substance as a Class D felony,[3] maintaining a common nuisance as a Class D felony,[4] possession of marijuana as a Class A misdemeanor,[5] and possession of paraphernalia as a Class A misdemeanor.[6]

The Wendts moved to suppress the evidence seized pursuant to the warrant. They introduced evidence challenging the accuracy of the information Trooper Mark Parker had supplied to the magistrate to demonstrate probable cause for the warrant. The trial court denied the Wendts'

---

1. Psilocybin is a Schedule I controlled substance. Ind.Code § 35–48–2–4(d)(20).

2. Ind.Code § 35–48–4–2.

3. Ind.Code § 35–48–4–7.

4. Ind.Code § 35–48–4–13.

5. Ind.Code § 35–48–4–11.

6. Ind.Code § 35–48–4–8.3.

motion to suppress, finding "a substantial basis did not exist to support a finding of probable cause," (App. at 216), but "the officers relied in good faith upon the warrant." (*Id.* at 217.) The court then found both Wendts guilty as charged.

## DISCUSSION AND DECISION

Because the Wendts are appealing from final judgments, we determine whether the trial court abused its discretion by admitting the evidence at trial. *Hirshey v. State*, 852 N.E.2d 1008, 1012 (Ind.Ct.App. 2006), *trans. denied* 860 N.E.2d 595 (Ind. 2006).

### 1. *Existence of Exception*

■ The Wendts first argue the application of the federal good faith exception, established in *U.S. v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh'g denied* 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984),[7] is inconsistent with the reasonableness requirement of Article I, Section 11 of the Indiana Constitution.

One year after *Leon* was decided, we held:

> Because the Indiana exclusionary rule has historical ties to the federal rule, and because Article I, Section 11 of the Indiana Constitution contains substantially identical language as the fourth amendment, we fail to find any compelling reason for rejecting the *Leon* good faith exception in Indiana, at least until such time as experience convinces us that the exception is unworkable or sub-

ject to abuse. Therefore, we, too, adopt such an exclusion.

*Mers v. State*, 482 N.E.2d 778, 783 (Ind.Ct. App.1985). When our Supreme Court was asked whether a good faith exception to the exclusionary rule existed under the Indiana Constitution, it cited *Mers* with approval. *Hopkins v. State*, 582 N.E.2d 345, 351 (Ind.1991) ("regardless of appellant's assertion to the contrary, the federal good-faith exception ... has been held applicable to the prohibition of unreasonable search and seizure found in art. 1, § 11 of the Indiana Constitution"), *reh'g denied.*

Nonetheless, the Wendts argue *Mers* and *Hopkins* have been "implicitly overruled," (Appellant's Reply Br. at 14), by the reasoning in *Brown v. State*, 653 N.E.2d 77 (Ind.1995). They have not.

*Brown* involved the warrantless search of an automobile parked in a residential neighborhood and surrounded by police cars. Because the search therein occurred without a warrant, our Supreme Court had no reason to analyze whether the officers had relied in good faith on an improperly issued warrant. *Brown* is thus irrelevant to the validity of the good faith exception under the Indiana Constitution's reasonableness analysis.

Neither have the Wendts convinced us the good faith exception—which itself includes a reasonableness inquiry—is incompatible with the reasonableness test we apply for an Article 1, Section 11 analysis. We decline to depart from precedent establishing the existence of the good faith

---

**7.** Prior to *Leon*, if a search occurred pursuant to an invalid warrant, all items seized in that search were inadmissible at trial. *Lloyd v. State*, 677 N.E.2d 71, 74 (Ind.Ct.App.1997), *trans. denied* 690 N.E.2d 1180 (Ind.1997). In *Leon* the Supreme Court declared seized items were admissible "if the State can show that the officer conducting the search relied in good faith upon a properly issued, but subsequently invalidated warrant." *Id.* Suppression remains appropriate in certain cir-

cumstances, including when the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, or when the affidavit for the warrant was "so lacking in probable cause as to render belief in its existence entirely unreasonable." *State v. Spillers*, 847 N.E.2d 949, 957 (Ind.2006).

exception under Indiana Law. *See also State v. Spillers,* 847 N.E.2d 949, 957 (Ind. 2006) (evidence admissible under good faith exception); *Lloyd v. State,* 677 N.E.2d 71, 74 (Ind.Ct.App.1997) ("an exception has been carved out under both federal and Indiana law in which a search will be deemed valid if the State can show that the officer conducting the search relied in good faith upon a properly issued, but subsequently invalidated warrant"), *trans. denied* 690 N.E.2d 1180 (Ind.1997).

## 2. *Application of Exception*

■ To decide whether the good faith exception is available to the State, we must determine whether Trooper Parker misled the issuing magistrate or acted with reckless disregard of the truth when he sought the warrant. *See, e.g., Spillers,* 847 N.E.2d at 957.

■ Probable cause for the warrant to search the Wendts' home rested in substantial part on the statements of an informant, Jeremy Moore. Probable cause to issue a warrant cannot arise from uncorroborated hearsay from a source whose credibility is itself unknown. *Jaggers v. State,* 687 N.E.2d 180, 182 (Ind.1997). Rather, the hearsay must exhibit some hallmarks of reliability—for example, that the informant has given correct information in the past or independent police investigation corroborates the informant's statements. *Id.*

When he sought the search warrant, Trooper Parker testified Detective Ayers represented Moore to be a credible informant who had given him reliable information in the past. At the suppression hearing, Detective Ayers did not recall exactly what he had told Trooper Parker but was "sure it was something to the nature of 'I know [Moore] and he's given me information before on stuff that he was involved in' along with other people that's [sic] he provided truthful statements." (Tr. at 11.)

Moore testified that when he provided information to Detective Ayers previously, it had not been "in the context of his serving as a confidential informant." (*Id.*) Rather, Moore had himself been implicated in the situations. Moore agreed he had known Detective Ayers "for a long period of time but that was never as an informant before." (*Id.* at 473.)

Trooper Parker's testimony before the magistrate implied Moore was an informant with a proven track record with authorities. His testimony was based on Detective Ayers' correct, but incomplete, assertion Moore had provided credible and reliable information in the past. Accordingly, the Wendts have not demonstrated Trooper Parker, when testifying to the magistrate who issued the warrant, recklessly disregarded the truth about Moore's credibility or status as an informant.

In addition, because Trooper Parker had been able to verify some of the information Moore had provided—Moore's driving directions led to the house across the street from the Wendt residence, and Moore accurately reported Norman Wendt had a criminal conviction involving cocaine—Trooper Parker had some independent basis for judging Moore's credibility. That Moore changed his story at trial does not lead us to believe Trooper Parker knowingly provided false testimony to the magistrate or recklessly disregarded the truth when requesting the warrant. Accordingly, the good faith exception applies in this case, and the evidence seized pursuant to the warrant was admissible at trial.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.